IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK TRAINOR,<br>　　　Petitioner,<br><br>　　　v.<br><br>SUPERINTENDENT ROZUM, et al.,<br>　　　Respondents. | C.A. No. 09-260 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　RECOMMENDATION**

It is respectfully recommended that Respondents' motion to dismiss [Document # 13] be granted, that the Petition for Writ of Habeas Corpus be dismissed as untimely, and that a certificate of appealability be denied.

**II.　REPORT**

　　**A.　Relevant Procedural and Factual History**[1]

This is a petition for writ of habeas corpus filed by a state prisoner incarcerated at the State Correctional Institution at Somerset, Pennsylvania, where he is serving a sentence of 36 to 84 months of imprisonment, as a result of being found guilty of three counts of Criminal Attempt to Lure a Child into a Motor Vehicle and one count of Stalking. (Petition at ¶¶ 3-5). The sentence was imposed by the Erie County Court of Common Pleas on December 19, 2006. (Id. at ¶¶ 1-2). Petitioner filed a post-sentence motion on December 27, 2006, which was denied on January 16, 2007. (Id. at ¶¶ 9(a) - (d)). Petitioner subsequently filed a direct appeal of his conviction to the Pennsylvania Superior Court, which affirmed the conviction on December 14, 2007. (Id. at ¶ 9(g)).

---

[1] References to the State Court Records [Document # 15] are cited as "SCR ___."

On February 26, 2008, Petitioner filed a petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA petition"), claiming ineffective assistance of trial counsel. This petition was dismissed without a hearing on May 16, 2008. (SCR 30).

The instant Petition was filed by Petitioner on November 12, 2009, and raises two ineffective assistance of counsel claims: (i) trial counsel "rendered ineffective assistance of counsel under the 6th and 14th amendments by failing to cross-examine and impeach the alleged victim in this case with her preliminary hearing testimony, and by failing to argue the victim's inconsistent statements in closing argument;" and (ii) trial counsel "rendered ineffective assistance of counsel under the 6th and 14th amendments by failing to contest the Commonwealth's burden of proof as it relates to the Commonwealth's alleged failure to establish specific dates for the offenses."

In response, Respondents have filed a motion to dismiss arguing that Petitioner's habeas petition was filed well beyond the expiration of the applicable one-year statute of limitations and, alternatively, is barred by the doctrines of exhaustion and procedural default. [Document # 13]. Petitioner has since filed a letter response to Respondents' motion to dismiss. [Document # 16]. This matter is now ripe for consideration.

**B.**     **Statute of Limitations.**

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. The applicable statute reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2255(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under §2255(d), a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section §2255(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to §2255(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final on January 13, 2008, the latest date on which the thirty day period to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. Pa.R.A.P. 1113(a); see Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). Petitioner subsequently filed a PCRA petition on February 28, 2008, which tolled the statute of limitations after 46 days had expired following the direct review period. The PCRA petition was then denied on May 16, 2008, and no other timely PCRA petitions were filed that would have tolled the limitations period.

After the denial of his PCRA petition, Petitioner had 319 days, or until March 31, 2009, to file a timely habeas corpus petition; however, Petitioner did not file his federal habeas petition with

this Court until October 15, 2009, approximately 6½ months after the limitations period had expired. Thus, the petition is time-barred under 28 U.S.C. § 2255(d)(1)(A), unless Petitioner is able to take advantage of any of the exceptions set forth in 28 U.S.C. § 2255(d)(1)(B-D).

In this regard, Petitioner does not claim that there was any State-created impediment to filing a timely habeas petition, or that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(d)(1)(B-C). He also cannot show that the factual predicate of his claim could only be discovered through the exercise of due diligence within the past year. 28 U.S.C. § 2255(d)(1)(D). Moreover, there is no indication that the doctrine of equitable tolling should be applied here.[2] Instead, Petitioner attempts to argue that his petition must be considered timely, once intervening weekends and holidays are discounted, because, as he posits, "does the legal system hold court on weekends and holidays? Or receive mail?" However, § 2255(d) does not provide for the discounting of weekends and holidays in calculating the limitations period for filing a federal habeas petition. Thus, Petitioner's contention is clearly without merit.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss [Document # 13] be granted, that the instant petition for writ of habeas corpus be dismissed as untimely, and that a certificate of appealability be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections

---

[2] The one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Petitioner's control that account for his failure to have filed his habeas petition in a timely manner.

to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


        /s/ Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        United States Magistrate Judge


Dated: July 30, 2010

cc:    The Honorable Sean J. McLaughlin
       United States District Judge